UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY J. STAFFORD,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:25-cv-00835-EPG<br><br>ORDER TO ASSIGN A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED, WITHOUT PREJUDICE, FOR FAILURE TO COMPLY WITH A COURT ORDER AND FAILURE TO PROSECUTE<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS<br><br>(ECF No. 5). |

**I.  INTRODUCTION**

Plaintiff Billy J. Stafford proceeds *pro se* and *in forma pauperis* in this social security case filed on July 10, 2025. (ECF Nos. 1, 3). The Court issued a scheduling order on July 11, 2025, which required Plaintiff to file a motion for summary judgment within 30 days after service of the administrative record. (ECF No. 5). This order warned the parties as follows: "Violations of this order or of the Federal Rules of Civil Procedure or the Local Rules may result in sanctions pursuant to Local Rule 110."[1] (*Id.* at 3). Defendant filed the administrative record, (ECF No. 4), and then its proof of service by mail of the administrative record on Plaintiff on September 4, 2025 (ECF No. 10).

---

[1] Local Rule 110 states as follows: "Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

1

Because Plaintiff has failed to timely file a motion for summary judgment, the Court will recommend dismissal without prejudice based on Plaintiff's failure to comply with a court order and failure to prosecute this case.

## II.     ANALYSIS

> In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Therefore, the first factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. . . . It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants. . . ." *Id.* (citations omitted). Here, Plaintiff has failed to timely comply with the Court's order requiring Plaintiff to file a motion for summary judgment. Moreover, Plaintiff has not filed anything since this case was initiated on July 10, 2025. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Id.* at 643. While social security cases proceed differently than other types of civil actions, the delay at issue here, Plaintiff's failure to file a motion for summary judgment, nonetheless effectively halts any progress in this matter, as the Court cannot address the merits until Plaintiff presents Plaintiff's arguments in a motion for summary judgment. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has chosen not to comply

with a court order or prosecute this action, despite being warned of possible sanctions, there is little available to the Court besides dismissal which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Because the Court is recommending dismissal without prejudice, it has stopped short of recommending the harsher sanction of dismissal with prejudice. Therefore, the fourth factor weighs in favor of dismissal.

Finally, because public policy favors disposition on the merits, this final factor weighs against dismissal. *Id.*

After weighing the factors, the Court finds that dismissal without prejudice is appropriate.

### III.   ORDER, CONCLUSION, AND RECOMMENDATIONS

Accordingly, IT IS ORDERED that the Clerk of Court shall assign a District Judge to this case.

And IT IS RECOMMENDED that:

1.   This case be dismissed, without prejudice, based on Plaintiff's failure to comply with a court order and failure to prosecute this case.

2.   The Clerk of Court be directed to close this case.

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within thirty (30) days after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Any objections shall be limited to no more than fifteen (15) pages, including exhibits. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.

\\\
\\\
\\\
\\\
\\\
\\\

1  The parties are advised that failure to file objections within the specified time may result
2  in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing
3  *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 20, 2025**                    /s/ Erica P. Grosjean
                                                  UNITED STATES MAGISTRATE JUDGE