UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY J. STAFFORD,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:25-cv-00835-EPG<br><br>FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT<br><br>(ECF Nos. 1, 17). |

This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration regarding his application for supplemental security income benefits. The parties have consented to the entry of a final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Ninth Circuit. (ECF No. 16).

Plaintiff argues that the ALJ improperly denied him benefits because the ALJ "did not have or use medical records from Loma [Linda] to make [a] decision." (ECF No. 17, p. 1). In response, Defendant argues that the Court should uphold the Appeals Council's dismissal of Plaintiff's untimely appeal and dismiss Plaintiff's case for failure to exhaust administrative remedies.

Having reviewed the record, administrative transcript, parties' briefs, and the applicable law, the Court will deny Plaintiff's motion for summary judgment and close this case.

\\\

1

## I.   BACKGROUND

Plaintiff filed an application for supplemental security income benefits in 2021. (A.R. 32). Despite being informed of his "right to representation, [he] chose to appear and testify without the assistance of an attorney or other representative." (A.R. 32).

At the hearing, Plaintiff testified that there were relevant records from Loma Linda Hospital in 2001 and that he may have a copy of these records. (A.R. 50). The ALJ stated that the ALJ would try to get the records but also gave Plaintiff three weeks to submit them. (A.R. 51).

However, the ALJ was unable to obtain the records: "Following the hearing, the undersigned attempted to obtain medical records from Loma Linda Hospital. However, the response to these requests was a letter indicating there was no record of treatment for the claimant." (A.R. 32). Moreover, there is no indication that Plaintiff submitted the records to the ALJ.

Ultimately, the ALJ concluded that Plaintiff was not disabled in a decision issued on July 24, 2024, which the record indicates was mailed to Plaintiff at his home address in Ridgecrest, California. (A.R. 29, 40). Among other things, the ALJ noted that Plaintiff's "allegations of disabling symptoms are undermined by an utter lack of documented treatment for any physical or mental condition(s). The claimant has consistently acknowledged that he has not had any medical treatment in many years (Exhibits 3E/4 & 10E/1; Hearing Record)." (A.R. 37). Additionally, the ALJ relied on medical professionals' opinions to deny Plaintiff benefits, including the opinion of a consultative examiner, Dr. Birgit Sierkerkotte, who opined that Plaintiff was capable of performing medium work. (A.R. 37-38).

On March 3, 2025, Plaintiff requested review of the ALJ's decision by the Appeals Council. (A.R. 20-22). On May 8, 2025, the Appeals Council denied review, stating, in part, as follows:

> This case is before the Appeals Council on the claimant's request for review of the Administrative Law Judge's decision issued on July 24, 2024. The request for review filed on March 3, 2025, was not filed within 60 days from the date notice of the decision was received as required by 20 CFR 416.1468(a). The date of receipt of such notice is presumed to be five (5) days after the date of such notice unless a reasonable showing to the contrary is made.

The regulations provide that the Appeals Council may dismiss a request for review where the claimant has failed to file the request within the stated period of time and the time for filing has not been extended (20 CFR 416.1471). The time period will be extended if good cause is shown for missing the deadline (20 CFR 416.1468(b)).

The claimant did not respond to the Appeals Council's request for a statement of good cause explaining why the request for review was filed over five months late. No mail has been returned as undeliverable and there is no discernible reason in the record for filing the request for review late.

The Appeals Council, therefore, finds that there is no good cause to extend the time for filing and, accordingly, dismisses the claimant's request for review. The Administrative Law Judge's decision stands as the final decision of the Commissioner.

(A.R. 4).

Thereafter, Plaintiff filed his complaint in this Court, which was dated July 4, 2025. (ECF No. 1).

After Plaintiff failed to timely file a motion for summary judgment, the Court recommended to the then-presiding District Judge that this case be dismissed. (ECF No. 12). Plaintiff filed objections to that recommendation, stating that he that he thought he had "sent it in already," and that "[t]here must have been a mist[ake]."  (ECF No. 14, p. 1).

The Court then extended Plaintiff's deadline to November 24, 2025, to file a motion for summary judgment, and vacated its findings and recommendations recommending dismissal. (ECF Nos. 15, 18).

## II.    PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff filed his motion for summary judgment on November 24, 2025, arguing that the ALJ erred by not considering medical records from Loma Linda in rendering a decision. (ECF No. 17). Plaintiff states that he "sent all medical records to Office of Appellate Operations and asked for a review of case on 3-3-25." (*Id.* at 1) (minor alterations). He learned that his request "was sent in late," which resulted in the dismissal of his "request for review." (*Id.*). Plaintiff contends that his request for review "[w]as not sent in late" because he did not receive the ALJ's "decision until 1-30-25." (*Id.*). According to Plaintiff, he became worried when he had not heard anything regarding his case and he "called [the] ALJ office [and] they sent [him] a letter right

away." (*Id.* at 2). He asked the hearing office to reopen his case but it "never responded." (*Id.*). Plaintiff's motion is not accompanied by a declaration or any other evidence.

Defendant, the Commissioner of Social Security, filed its opposition brief on December 8, 2025. (ECF No. 19). It argues that the Appeals Council did not abuse its discretion in dismissing Plaintiff's appeal as untimely and that Plaintiff's assertions about a delay in receiving the ALJ's decision are not supported by any evidence. (*Id.* at 3). The Commissioner also argues that, "[i]n the event this Court does not affirm the Commissioner's decision to dismiss Plaintiff's request for review for timeliness, the proper remedy in this case is to remand the case to the Appeals Council to consider Plaintiff's request for review, rather than reaching the merits of the underlying disability claim." (*Id.* at 4).

Plaintiff did not file a reply, and the fourteen-day period to do so has expired under the Court's scheduling order. (ECF No. 5, p. 2).

## III. LEGAL STANDARDS

If a claimant is dissatisfied with an ALJ's decision on the merits, he or she may request review by the Appeals Council. 20 C.F.R. § 416.1400(a)(4) ("If you are dissatisfied with the decision of the administrative law judge, you may request that the Appeals Council review the decision."); *see* 20 C.F.R. §§ 416.1467 ("If you or any other party is dissatisfied with the hearing decision or with the dismissal of a hearing request, you may request that the Appeals Council review that action.").

To request review by the Appeals Council, the claimant must file a written request for review within 60 days after receiving notice of the ALJ's decision, or within the extended time period if claimant is granted an extension of time. 20 C.F.R. § 416.1468(a) ("You may request Appeals Council review by filing a written request. . . . You may file your request at one of our offices within 60 days after the date you receive notice of the hearing decision or dismissal (or within the extended time period if we extend the time as provided in paragraph (b) of this section)"). A claimant may ask for an extension of time as follows:

> You or any party to a hearing decision may ask that the time for filing a request for the review be extended. The request for an extension of time must be in writing. It must be filed with the Appeals Council, and it must give the reasons why the

request for review was not filed within the stated time period. If you show that you had good cause for missing the deadline, the time period will be extended. To determine whether good cause exists, we use the standards explained in § 416.1411.

20 C.F.R. § 416.1468(b). A claimant is presumed to receive notice of an unfavorable social security decision of either the ALJ or Appeals Council "5 days after the date on the notice, unless [the claimant shows that they] did not receive it within the 5–day period." 20 C.F.R. § 416.1401.

If a claimant does not file a request for review within the stated period, and the Appeals Council does not extend the time for filing for good cause, the Appeals Council will dismiss his request for review. 20 C.F.R. § 416.1471 ("The Appeals Council will dismiss your request for review if you did not file your request within the stated period of time and the time for filing has not been extended.").

Finally, 42 U.S.C. § 405(g) states that a claimant may appeal an adverse decision of the Commission only after obtaining a final decision from the Commission, as follows:

Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of such decision or within such further time as the Commissioner may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business . . . . The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. § 405(g).

In *Smith v. Berryhill,* 587 U.S. 471 (2019), the Supreme Court addressed the scope of a federal court's review where the Appeals Council had denied, as untimely, a claimant's request for review of ALJ's denial of his application for supplemental security income. The Court held that the federal court had jurisdiction to review the case because the dismissal by the Appeals Council constituted a "'final decision ... made after a hearing' under § 405(g)." *Id.* at 483.

Nevertheless, the Court also stated that, in the ordinary case, the federal court in such a circumstances should restrict its review to the procedural ground that was the basis for the Appeals Council's dismissal, stating:

5

Fundamental principles of administrative law, however, teach that a federal court generally goes astray if it decides a question that has been delegated to an agency if that agency has not first had a chance to address the question. See, *e.g.*, *INS v. Orlando Ventura*, 537 U.S. 12, 16, 18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (*per curiam*); *ICC v. Locomotive Engineers*, 482 U.S. 270, 283, 107 S.Ct. 2360, 96 L.Ed.2d 222 (1987); cf. *SEC v. Chenery Corp.*, 318 U.S. 80, 88, 63 S.Ct. 454, 87 L.Ed. 626 (1943) ("For purposes of affirming no less than reversing its orders, an appellate court cannot intrude upon the domain which Congress has exclusively entrusted to an administrative agency"). The Court's cases discussing exhaustion in the Social Security context confirm the prudence of applying this general principle here, where the agency's final decisionmaker has not had a chance to address the merits at all. See *City of New York*, 476 U.S. at 485, 106 S.Ct. 2022 ("Because of the agency's expertise in administering its own regulations, the agency ordinarily should be given the opportunity to review application of those regulations to a particular factual context"); *Salfi*, 422 U.S. at 765, 95 S.Ct. 2457 (explaining that exhaustion serves to "preven[t] premature interference with agency processes" and to give the agency "an opportunity to correct its own errors," "to afford the parties and the courts the benefit of its experience and expertise," and to produce "a record which is adequate for judicial review"). Accordingly, in an ordinary case, a court should restrict its review to the procedural ground that was the basis for the Appeals Council dismissal and (if necessary) allow the agency to address any residual substantive questions in the first instance.

*Id.* at 488 (footnotes omitted). The standard of review is "abuse of discretion as to the overall conclusion, and 'substantial evidence' 'as to any fact.'" *Id.* at 487 n. 19.

## IV.    DISCUSSION

Pursuant to *Smith*, the Court will restrict its review to whether the Appeals Council abused its discretion in dismissing Plaintiff's appeal for being untimely.

Here, Plaintiff acknowledges that the ALJ's decision was rendered on July 24, 2024. (ECF No. 17, p. 1). Accordingly, with the 60 days to file a request for review under 20 C.F.R. § 416.1468(a), plus the 5 extra days permitted after the notice of decision under § 416.1401, Plaintiff had 65 days, or until September 27, 2024, to request review from the Appeals Council. However, as Plaintiff concedes, he did not file a request for review until March 3, 2025, over five months after the deadline. (ECF No. 17, p. 1).

Notably, the decision itself indicates that it was sent to Plaintiff's address on July 24, 2024. (A.R. 29). Moreover, the Appeals Council noted that Plaintiff "did not respond to the Appeals Council's request for a statement of good cause explaining why the request for review

was filed over five months late," and, further, "[n]o mail has been returned as undeliverable and there is no discernible reason in the record for filing the request for review late." (A.R. 4).

Plaintiff states that he did not receive the ALJ's decision until January 30, 2025, which occurred after he called the ALJ Office because he was "worried" after he "had not heard anything." (ECF No. 17, pp. 1-2). Defendant argues that "Plaintiff has not provided any support for his claim beyond this conclusory statement" and thus the Court should affirm the Appeals Council's decision. (ECF No. 19, p. 4).

The Court agrees with Defendant. As noted above, social security provisions permit late filed appeals if the claimant rebuts the presumption that they received the notice within 5 days after the date of the notice, 20 C.F.R. § 416.1401, or if they show good cause to extend the deadline to file an appeal, § 416.1468(a) and § 416.1411. Here, Plaintiff has not provided any corroborating evidence for his assertion that he received the ALJ's decision late. *See Ward v. Saul*, No. 1:19-CV-1555-JLT, 2020 WL 1532274, at *4 (E.D. Cal. Mar. 31, 2020) (concluding that a plaintiff filed an untimely complaint for judicial review after noting that the plaintiff " ha[d] not presented any evidence to show the letter from the Appeals Council was received more than five days after the date indicated") (collecting cases); *Matlock v. Bowen*, No. C-85-6072-MHP, 1988 WL 252440, at *4 (N.D. Cal. Dec. 19, 1988) (dismissing social security appeal where there was " no evidence that Matlock's attorney did not receive the notice or was incapable of representing his client for purposes of an appeal").

The Court also notes that, in the case before this Court, Plaintiff failed to file his motion for summary judgment by the deadline. In his objections, he stated that he had "sent it in already." (ECF No. 14, p. 1). While the Court permitted Plaintiff to file his motion for summary judgment after the deadline, Plaintiff's failure to abide by the deadline in this case casts doubt on his credibility regarding late filings.

After review of the record, the Court finds that the Appeals Council did not abuse its discretion in dismissing Plaintiff's case as untimely, and the Court thus finds that Plaintiff's appeal should be dismissed for lack of exhaustion of the remedies available at the Commission.

\\\

## V.   CONCLUSION AND ORDER

Based on the above reasons, IT IS ORDERED that Plaintiff's motion for summary judgment (ECF Nos. 17) is DENIED and Plaintiff's complaint (ECF No. 1) is dismissed for lack of exhaustion. The Clerk of Court is directed to enter a judgment in favor of the Commissioner and close the case.

IT IS SO ORDERED.

Dated:   **January 16, 2026**                          /s/ *Erica P. Grosjean*

UNITED STATES MAGISTRATE JUDGE

8